UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

SURF 9 LLC,

         Debtor.

------------------------------------------------------------x

            Chapter 11

            Case No. 25-40078 (JMM)

## MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

  BERNWOOD, LLC ("Landlord" or "Movant"), by and through its undersigned attorney, hereby files this Motion for Relief from Stay ("Motion") and requests approval to enforce all of its in rem rights with regard to a certain commercial non-residential lease, pursuant to 11 U.S.C. §362(d)(1) and (d)(2). In support of this Motion, Landlord states the following:

### Jurisdiction and Venue

  1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. Venue in this jurisdiction is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b). The statutory basis for the relief sought herein is 11 U.S.C. § 362.

### Factual and Procedural Background

  2.  On January 8, 2025 (the "Petition Date"), Surf 9, LLC ("Debtor" or "Tenant") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

  3.  Landlord is the record owner of certain real property located in Lee County, 24850 Old 41 Road, Suites 6, 10, 25, 27, Bonita Springs, FL 34135 ("Florida Property").

4. The Debtor originally leased Suite 10 of the Florida Property in 2017, then under the 1st Addendum to the lease, the premises included Suite 25. The 2nd Addendum provided a one-year extension, and the 3rd Addendum expanded the premises to include Suites 6 and 27.

5. On March 15, 2022, Debtor entered into a 4th Addendum to the original lease agreement with Landlord. The Suite 10 lease was converted from a triple net lease to a modified gross lease for a term of three (3) years. The Suite 6 and 27 lease was extended for a three (3) year term under the 4th Addendum, and the Suite 25 lease was extended an additional three (3) years under the 4th Addendum, plus a 15-day retroactive commencement of March 1, 2025. A true and correct copy of the original lease and four addendums are attached hereto as **Exhibit A** (collectively, the "Leases"), and incorporated herein.

6. The Landlord has not received post-petition stub rent and the February 2025 rent payment from the Debtor; rent is due the first of each month. The Debtor is now in default under the Leases. The post-petition amounts in past due rent under the Leases as of the filing of this Motion are:

   a. Suite 6 and 27 - $13,866.66. [1]

   b. Suite 10 - $12,561.18. [2]

   c. Suite 25 - $6,403.57. [3]

Also due are reasonable attorney fees and costs and any other amounts authorized under the terms of the Leases.

7. The Landlord also has the following pre-petition claim amounts, which represents the cure amount required for a party to assume the lease (the "Cure Claim"):

---

[1] *See* **Exhibit B** - $5,803.92 (stub rent) + $8,062.74 (Feb rent)
[2] *See* **Exhibit C** - $5,255.52 (stub rent) +$7,305.66 (Feb rent)
[3] *See* **Exhibit D** - $2,677.92 (stub rent) + $3,725.65 (Feb rent)

      a. Suite 6 and 27 - $56,702.36. [4]

      b. Suite 10 - $31,000.29. [5]

      c. Suite 25 - $31,536.95. [6]

8. Under the Leases, specifically the 4th Addendum, if the Tenant/Debtor is not in default under the Leases, the Landlord/Movant shall grant one option to extend the new lease term for one additional year; however, the Tenant/Debtor must notify the Landlord/Movant in writing at least one hundred and twenty (120) days from the expiration of the term. This applies to all the suites.

9. The Debtor is in default under the Leases (each lease) and has not notified the Movant in writing expressing a desire to exercise the option.

10. The Leases collectively terminate on March 14, 2025.

11. Pursuant to the bankruptcy code, from the petition date until the date the Debtor assumes or rejects the lease, the debtor must pay rent and common area charges and perform other tenant obligations under the lease (11 U.S.C. § 365(d)(3) of the Bankruptcy Code).

12. Unpaid rent and other lease charges incurred post-petition will also entitle the Landlord to an administrative expense claim.

### Legal Authority

13. Once a bankruptcy proceeding commences at the filing of the debtor's petition, an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is in effect. 11 U.S.C. § 362(a)(3).

14. Property of the estate includes all legal and equitable interests of the debtor at the

---

[4] *See* **Exhibit E** – Note: post-petition amounts subtracted from invoice amount due
[5] *See* **Exhibit F** – Note: post-petition amounts subtracted from invoice amount due
[6] *See* **Exhibit G** – Note: post-petition amounts subtracted from invoice amount due

commencement of the case, wherever such property is located and held by whomever, 11 U.S.C. § 541(a), to include unexpired, non-residential leases. *In re Payam, Inc.*, 642 B.R. 365, 370 (Bankr. S.D.N.Y. 2022).

15.  After an order for relief is given, all obligations of the debtor arising from an unexpired, non-residential real property lease shall be performed timely, until the lease is assumed or rejected. 11 U.S.C. § 365(d)(3)(A). The court may "extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period." *Id*.

16.  On request of a party interest and after notice of a hearing, the court shall grant relief from the automatic stay "…for cause, including lack of adequate protection of an interest in property of such party interest." 11 U.S.C. § 362(d)(1). Even though lack of adequate protection is explicitly identified as a cause for stay relief, there are other matters that warrant a cause finding. *In re Payam, Inc.* at 369.

17.  The failure of a debtor to pay post-petition rent is sufficient cause for a court to grant relief from the automatic stay. *In re Portofindough LLC*, 655 B.R. 694, 701 (Bankr. S.D.N.Y. 2023) (finding that because the Debtor had not met its rent obligations prior to and including the petition date, cause existed to apply the Debtor's safety deposit to prepetition arrears). *In re Payam, Inc.* at 369 (finding sufficient cause to lift the automatic stay because debtor did not perform its obligation to pay post-petition rent after the petition date and unable to cure prepetition defaults or provide adequate assurance to promptly cure).

18.  Under 11 U.S.C. § 365(d)(3), the debtor is obligated to pay post-petition rent, and the inability to meet this obligation warrants lifting the automatic stay.

**Relief Requested**

19. The Movant requests the entry of an order granting relief from the automatic stay for "cause" to proceed with the termination of the Leases, eviction, and possession of the premises by the Landlord. In the alternative, the Movant seeks adequate protection, which in this case should equal all post-petition rent not paid by the Debtor.

20. The Debtor should be required to timely pay all post-petition monthly lease payments under the Leases as required by § 365(d)(3) until such time as the Leases are assumed or rejected. Currently, the Debtor is in default on the post-petition stub rent and the February 2025 rent payment. The Debtor has also not made a motion to extend its time to perform its obligations within the 60-day period per § 365(d)(3).

21. Similar to *In re Payam, Inc.*, cause exists to lift the automatic stay because the Debtor is unlikely to cure prepetition amounts due because (i) the Leases terminate on March 14, 2025 and (ii) the Debtor is highly unlikely to assume the lease, but rather allow the Leases to terminate and continue to default on required, post-petition rent payments. Under the Leases, the Movant is not required to grant the one-year extension option because the Debtor is in default. Further, even if the Debtor was not in default, the Debtor did not provide the Movant with the required written notice of its intent to execute the option at least one hundred and twenty (120) days from the expiration of the term. Therefore, the Leases, and the Debtor's interests, will terminate on March 14, 2025.

22. The Landlord also seeks stay relief to inspect the Florida Property during normal business hours and to show the property to any prospective occupant within twenty-four (24) hours of reasonable notice – by phone call or in-person contact through the ordinary operating course, or by written request via email to Debtor's counsel – to the Tenant.

23. During any period of occupancy of the Florida Property by the Debtor, the Florida Property shall be adequately insured in all respects with the Landlord listed as an additional loss payee. The Debtor shall provide proof of insurance to the Landlord's counsel relating to the Florida Property within ten (10) days of any order herein.

24. During any period of occupancy by the Debtor, the Debtor shall not cause any liens, encumbrances (including any tax claims or tax liens), waste to the property, physical damage to the property, including mold damage.

25. In the event the Debtor defaults on any Court ordered adequate protection, the automatic stay should be terminated.

26. The Movant further requests that the effectiveness of any order entered on this motion not be stayed, pursuant to Rule 4001(a)(3) of the Rules of Bankruptcy Procedure.

27. Landlord has employed the law firm Johnson Pope Bokor Ruppel & Burns, LLP to represent it in this action and has obligated itself to pay a reasonable fee for their services herein.

WHEREFORE, the Movant respectfully requests that the Court enter an order granting relief from the automatic stay to exercise all rights and remedies against the real property including, without limitation, lifting the stay to proceed with eviction proceedings, or in the alternative, adequate protection and granting such other and further relief as the Court deems just and proper.

DATED: February 20, 2025.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr. (FBN: 784486)
James B. Eising (FBN: 1034650)
400 N. Ashley Dr. Suite 3100
Tampa, FL  33602
Telephone:    813-225-2500

                    Facsimile:    813-223-7118
                    Email: al@jpfirm.com
                             jeising@jpfirm.com
             *Attorneys for Bernwood, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished either by the Court's CM/ECF system or by U.S. Mail per the attached Service List on February 20, 2025.

                    /s/ Alberto F. Gomez, Jr.
                    Alberto F. Gomez, Jr. (FBN: 784486)

## SERVICE LIST

|   | Name and Address of Party Served | Mode of Service |
|---|---|---|
| 1. | Sheryl P. Giugliano<br>RUSKIN MOSCOU FALTISCHEK P.C.<br>Counsel to Express Trade Capital, Inc. | Via email:<br>sgiugliano@rmfpc.com,<br>samiel@rmfpc.com;<br>smcgrath@rmfpc.com |
| 2. | Surf 9 LLC<br>c/o Olden Group<br>One Metrotech Center, Suite 1803<br>Brooklyn, NY 11201-3949 | Via U.S. First Class Mail |
| 3. | Kevin Nash<br>Goldberg Weprin Finkel Goldstein LLP<br>125 Park Ave<br>New York, NY 10017 | Via email: knash@gwfglaw.com<br>and<br>U.S. First Class Mail |
| 4. | Office of the United States Trustee<br>Eastern District of NY (Brooklyn)<br>Alexander Hamilton Custom House<br>One Bowling Green, Room 510,<br>New York, NY 10004-1415 | Via email:<br>ustpregion02.br.ecf@usdoj.gov<br>Via U.S. First Class Mail |
| 5. | Jeffrey I Golden Golden<br>Goodrich, LLP<br>3070 Bristol St., Ste 640<br>Costa Mesa, CA 92626 | Via U.S. First Class Mail |
| 6. | James P. Sullivan on behalf of Creditor<br>BMO Bank N.A.<br>Chapman and Cutler LLP<br>320 S. Canal St.<br>Chicago, IL 60606 | Via U.S. First Class Mail |
| 7. | J. Alex Kress<br>Counsel for Creditor BMO Bank N.A. | Via email:<br>akress@chapman.com |
| 8. | Douglas J Pick<br>Counsel for Creditor Flybar Inc. | Via email:<br>dpick@picklaw.net,<br>ezabicki@picklaw.net |
| 9. | Frederick E Schmidt<br>Counsel for Creditor Leewards Health and Sports Co., Ltd. | Via email:<br>eschmidt@cozen.com |
| 10. | Lewis W Siegel<br>Counsel for Creditor Funtastic Holdings Limited | Via email:<br>lws@lwsesq.com |
| 11. | Stephanie R Sweeney<br>Counsel for Interested Party Olden Group LLC | Via email:<br>mao@cravath.com |

|    | Name and Address of Party Served | Mode of Service |
|----|----------------------------------|-----------------|
| 12 | Isaac Thuesen<br>Counsel for Pension Benefit<br>Guaranty Corporation | Via email:<br>thuesen.isaac1@pbgc.gov |
| 13 | Evan J. Zucker<br>counsel for Body Glove IP<br>Holdings, LP | Via email:<br>evan.zucker@blankrome.com |
| 14 | Paula De Felice<br>counsel for Pension Benefit<br>Guaranty Corporation | Via email:<br>defelicealejandro.paula@pbgc.gov |
| 15 | J Ted Donovan on behalf of Debtor<br>Surf 9 LLC | Via email:<br>Tdonovan@gwfglaw.com |