| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date and Time:<br>April 16, 2025 at 11:30 a.m. |

-------------------------------------------------------------x

In re:                                      Chapter 11

Surf 9 LLC,                                 Case No. 25-40078-JMM

                                                 Debtor.

-------------------------------------------------------------x

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** that a hearing shall be held on **April 16, 2025** at **11:30 a.m. (ET)** on the motion of Surf 9 LLC (the "Debtor") to Vacate Order Authorizing Rule 2004 Examination and Quash Subpoena. The hearing shall be held before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, in Courtroom 3529 at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to proposed relief must be filed at least seven (7) days prior to the hearing.

**PLEASE TAKE FURTHER NOTICE** that you may appear at the hearing in person, by phone or by videoconference. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed only to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Mazer-Marino's courtroom deputy for instructions at (347) 394-1844 or JMM_Hearings@nyeb.uscourts.gov.

Dated: March 31, 2025
       New York, New York

                                                 **Goldberg Weprin Finkel Goldstein LLP**
                                                 125 Park Avenue, 12th Floor
                                                 New York, NY 10017
                                                 (212) 221-5700
                                                 knash@gwfglaw.com

                                                 By:    /s/ *Kevin J. Nash, Esq.*
                                                 *Proposed Counsel for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 11

Surf 9 LLC,                                                                          Case No. 25-40078-JMM

                                          Debtor.
---------------------------------------------------------------x

## DEBTOR'S MOTION TO VACATE ORDER AUTHORIZING RULE 2004 EXAMINATION AND QUASH SUBPOENA

Surf 9 LLC (the "Debtor") as and for its motion to: (i) vacate the prior *ex parte* Order entered on March 3, 2025 authorizing the examination of the Debtor pursuant to Rule 2004 (the "Rule 2004 Order") [ECF No. 61]; and (ii) quash the subpoena issued by Flybar Inc. ("Flybar") pursuant thereto, respectfully states and alleges as follows:

### Background

1. It is a well established rule of bankruptcy procedure that Rule 2004 discovery is not available to a party engaged in actual litigation. Once litigation starts, 2004 discovery cannot be invoked to circumvent discovery rules under either state or federal law. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019). Flybar has disregarded this fundamental rule of procedure and moved for the *ex parte* Rule 2004 Order to take discovery of the Debtor in pursuit of Flybar's independent litigation claims against, *inter alia*, Express Trade Capital ("ETC"), which is one of the Debtor's lenders.

2. In particular, Flybar is seeking Rule 2004 discovery in connection with litigation (the "Action"), which Flybar recently commenced in the Southern District of New York (Case No. 25-cv-00618-VSB) against, *inter alia*, ETC and Garantia LLC ("Garantia"). The Action was commenced on January 21, 2025 and concerns an alleged scheme that ETC and Garantia perpetrated in connection with that certain loan purchase agreement (the "Loan Purchase

Agreement"), which resulted in Olden Group LLC ("Olden") becoming the Debtor's new senior lender. The Debtor is not a named defendant in the Action and appears to be a third-party witness. Obviously, ETC and its counsel will need to actively participate in any discovery taken of the Debtor.

3.  On March 13, 2025, Flybar served the undersigned with a subpoena (the "Subpoena") for the Debtor to appear at a deposition on April 9, 2025 at 10:00 a.m. and to produce documents pursuant to the requests annexed to the Subpoena by April 1, 2025 at 10:00 a.m.

4.  To the extent that Flybar seeks information relating to the Action, even if from a non-party witness, the proper vehicle is the use of the discovery devices laid out in the Federal Rules of Civil Procedure as applied to the Action (specifically, Federal Rules 26, *et seq.*). Accordingly, the Subpoena should be quashed and the Rule 2004 Order should be vacated as Flybar is not entitled to seek discovery outside the bounds of the Federal Rules of Civil Procedure.

## Legal Argument

5.  Flybar's Subpoena commands the Debtor to produce documents related to twenty four (24) broad document requests (the "Requests") for time periods relating as far back as January 1, 2020. Specifically, the Requests seek, *inter alia*, e-mail, text messages, and other forms of documents and communications relating to the following: (i) any bank accounts in which the Debtor has or had access; (ii) Olden's loans to the Debtor; (iii) the Debtor's use of cash collateral; (iv) the ETC Transactions; (v) the Debtor's dealings with Saul Wohlender who is Flybar's CEO; and (vi) what Flybar characterizes as Olden's purported control of the operations

and management of the Debtor. The Requests are particularly absurd since Flybar only became involved with the Debtor in late September 2024.

6. Even a cursory review of the Complaint in the Action, annexed hereto as Exhibit "A", reveals that the gravamen of the claims relate to the financial affairs of the Debtor and its dealings with ETC and Olden. For example, the Complaint alleges that: (i) ETC and the other named defendants induced Flybar to advance funds to the Debtor, Complaint, Section B; (ii) unbeknownst to Flybar, ETC was negotiating with potential buyers while Flybar advanced funds to the Debtor, Complaint, ¶ 67–69; (iii) and Flybar was defrauded when it learned (after the fact) that ETC had sold its debt to Olden, leaving Flybar's advances unprotected. Complaint, Section C.

7. Thus, to the extent Flybar is seeking to investigate the financial affairs and management of the Debtor through the proposed examination of the Debtor, these issues are inextricably intertwined with the pending Action. Settled law prohibits Rule 2004 discovery where there exists a related adversary proceeding, contested matter or non-bankruptcy action. In such cases, discovery is subject to the Federal Rules of Bankruptcy Procedures or the Federal Rules of Civil Procedure, as applicable. *See, e.g.*, *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019); *In re Parikh*, 508 B.R. 572, 604 (Bankr. E.D.N.Y. 2014) (Grossman, B.J.); *In re Recoton Corp.,* 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("Rule 2004 examinations are . . . not generally permitted once an adversary proceeding has been filed, as . . . Bankruptcy Rules 7026 through 7037 . . . then apply."); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et. seq.*, rather than by a Fed. R. Bankr. P. 2004 examination.") (citations omitted).

8.      In *Cambridge Analytica*, an individual plaintiff in a pending derivative action in Delaware Chancery Court purchased a claim and filed a Rule 2004 motion against the Debtor. The Debtor was not a named defendant in the derivative action. *Id.* at 751. The Rule 2004 motion requested access to the same documents to be provided to certain "Data Breach Plaintiffs" who had filed suit against Facebook and Cambridge Analytica in the U.S. District Court for the District of Delaware. *Id.* The Bankruptcy Court denied the Rule 2004 motion because of the pending derivative action in Delaware Chancery Court and the dangerous precedent allowing creditors to examine a debtor "solely to pursue . . . outside litigation agendas" would set. *Id.* at 750, 753.

9.      Accordingly, all discovery sought by Flybar must be pursued in the context of the Action and not in the Debtor's Chapter 11 case under Bankruptcy Rule 2004. Thus, the Debtor is entitled to a protective order quashing the Subpoena and vacating the Rule 2004 Order.

**WHEREFORE**, the Subpoena should be quashed and the Rule 2004 Order should be vacated, together with such other relief as the Court deems just and proper.

Dated: New York, New York
       March 31, 2025

                      Goldberg Weprin Finkel Goldstein LLP
                      *Proposed Counsel for the Debtor*
                      125 Park Avenue – 12th Floor
                      New York, New York 10017
                      (212) 221-5700

                      By:    /s/ Kevin Nash, Esq.