JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP
Alberto F. Gomez, Jr. (FBN: 784486)
Angelina E. Lim (NYN: AL 8845)
400 N. Ashley Dr. Suite 3100
Tampa, FL  33602
Telephone:     813-225-2500
Facsimile:      813-223-7118
Email: al@jpfirm.com
          angelinal@jpfirm.com
*Attorneys for Bernwood, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:

SURF 9 LLC,

                            Debtor.

-------------------------------------------------------------x

**Objection Deadline: 4:00 p.m. (E.S.T.) on August 14, 2025**

Chapter 11

Case No. 25-40078 (JMM)

**MOVANT'S MOTION FOR FINAL RELIEF FROM**
**THE AUTOMATIC STAY AFTER DEFAULT**
(Doc. Nos. 73 and 112)

BERNWOOD, LLC ("Landlord" or "Movant"), by and through its undersigned attorney, hereby files this Motion for Final Relief from the Automatic Stay After Default ("Motion"); pursuant to 11 U.S.C. §362(d)(1) and (d)(2), with respect to the non-residential commercial lease of the premises located at 24850 Old 41 Road, Suite 6, 10,25, 27, Bonita Springs, FL 34135 (Lee Couty) ("Property")..  In support of this Motion, Landlord states the following:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.  Venue in this jurisdiction is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b).  The statutory basis for the relief sought herein is 11 U.S.C. § 362.

**Factual and Procedural Background**

2. On January 8, 2025 (the "Petition Date"), Surf 9, LLC ("Debtor" or "Tenant") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

3. Landlord is the record owner of the Property.

4. The Debtor originally leased Suite 10 of the Florida Property in 2017, then under the 1st Addendum to the lease, the premises included Suite 25. The 2nd Addendum provided a one-year extension, and the 3rd Addendum expanded the premises to include Suites 6 and 27.

5. On March 15, 2022, Debtor entered into a 4th Addendum to the original lease agreement with Landlord. The Suite 10 lease was converted from a triple net lease to a modified gross lease for a term of three (3) years. The Suite 6 and 27 lease was extended for a three (3) year term under the 4th Addendum, and the Suite 25 lease was extended an additional three (3) years under the 4th Addendum, plus a 15-day retroactive commencement of March 1, 2025.

6. Landlord filed its Motion for Relief from the Automatic Stay on March 31, 2025 (Doc. No. 48) and the parties entered into an agreement reflected in the Agreed Order Granting, in part, the Amended Motion for Relief from Stay (Doc. No. 73) ("Agreed Order").

7. The Agreed Order provided that the Debtor vacate Suites 6, 25, and 27, surrender to the Movant all deposits for its pre-petition outstanding the Fifth Lease Addendum amounts due. After the application of Deposits, total pre-petition debt owed to the landlord is $104,683.26. The Debtor and landlord were to come to terms regarding Unit 10, which lease expired March 15, 2025. Per the Agreed Order, the Debtor and Landlord were to enter into and have the Court approve the same.

8. The Agreed Order further provides that "upon any default in the timely payment of the monthly rent or performance, and/or any cure amounts, and the failure to cure said default within twenty-four hours of notice being provided to Debtor by email to Debtor's counsel, . . . Movant may file an Affidavit of default, and the Court will grant immediate relief from stay without further hearing ...."

9. According to the Agreed Order, the Court entered its Order Approving the Fifth Addendum with Landlord on July 9, 2025 (Doc. No. 112) ("Order on Fifth Lease Addendum"),

10. The Fifth Lease Addendum, attached as Exhibit "A," to the Order on Fifth Lease Addendum (as hereto attached as Exhibit "A") extended the lease for Unit 10 to March 14, 2026 with modified monthly gross rents of $7,200. *See,* Paragraph 1 of the Fifth Lease Addendum. Additionally, John Chenciner, the Debtor and the Landlord were to work "diligently to resolve the pre-petition (bankruptcy) outstanding rent due the Landlord pursuant to the terms and conditions of the Lease Agreement and Addendum therewith within ninety (90) days from March 15, 2025, unless said timeframe is mutually extended." *See,* Paragraph 5 of the Fifth Lease Addendum.

11. The deadline to reach an agreement was June 15, 2025 (the actual 90 days fell on June 13, 2025, a Saturday). The Landlord reached out multiple times to find a consensus but there was no credible response. No such agreement has been reached. Furthermore, the Landlord, following the July 9 Order, tried on a multitude of occasions to obtain the Tenant signed Fifth Lease Addendum, but once again, there was no credible response.

12. All other terms and conditions of the original Lease Agreement shall remain in full force and effect, as to Unit 10..." *See,* Paragraph 6 of the Fifth Lease Addendum.

13. Further, the Debtor is behind on its CAM payment of $4,680 and is also behind two months' rent. The total owed post-petition is $19,809.[1]

14. The Debtor's counsel was noticed of the default by email dated July 30, 2025, by the undersigned. Attached as Exhibit "B" is a copy of the email.

15. Attached as Exhibit "C" is the Landlord's Affidavit of Default attesting to the above.

16. Attached as Exhibit "D" is the proposed order granting this Motion.

**WHEREFORE**, Movant respectfully requests the Court enter an order granting relief from the automatic stay to exercise all rights and remedies against the Property, Unit 10, including, without limitation, lifting the stay to proceed with eviction proceedings.

DATED: August 7, 2025.

                                              JOHNSON, POPE, BOKOR,
                                              RUPPEL & BURNS, LLP

                                              /s/ Angelina E. Lim
                                              Alberto F. Gomez, Jr. (FBN: 784486)
                                              Angelina E. Lim (NY Bar: 8845)
                                              400 N. Ashely Dr. Suite 3100
                                              Tampa, FL  33602
                                              Telephone:    813-225-2500
                                              Facsimile:    813-223-7118
                                              Email: al@jpfirm.com
                                                                angelinal@jpfirm.com
                                              *Attorneys for Bernwood, LLC*

---

[1] While the Landlord arguable charge the Debtor as a holdover tenant in this Motion and is not conceding or waiving its position for all other purposes, Landlord would like the Court to know that under these circumstances, the Debtor would owe, post-petition, $26,276.66.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished either by the Court's CM/ECF system or by U.S. Mail per the attached Service List on August 7, 2025.

/s/ Angelina E. Lim
Angelina E. Lim ( NYN: AL 8845)
