UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>SURF 9 LLC,<br><br>   Debtor. | Hearing Date: November 19, 2025<br>Hearing Time: 11:00 a.m. (EST)<br><br>Chapter 11<br><br>Case No. 25-40078 (JMM) |

**REPLY OF TOPOCEAN CONSOLIDATION SERVICE INC. TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

Topocean Consolidation Service Inc. ("Topocean"), creditor of the debtor-in-possession Surf 9 LLC ("Debtor"), by and through its undersigned counsel, respectfully submits its Reply to Body Glove IP Holdings, LP's ("Body Glove") *Opposition to Creditor Topocean Consolidation Service, Inc.'s Motion For Relief From the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 156] (the "Opposition") to Topocean's *Motion of Topocean Consolidation Service Inc. For Relief From the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 147] (the "Motion").[1]

**BODY GLOVE'S OPPOSITION MISCHARACTERIZES THE MOTION AND THE RELIEF SOUGHT BY TOPOCEAN**

1. Body Glove's opposition repeatedly treats Topocean as though it is attempting to leverage stay relief for its own benefit or to collect on prepetition claims. That is incorrect. Topocean is not seeking to liquidate the Inventory to satisfy its prepetition claim. The Motion expressly provides—and Body Glove ignores—that Topocean will remit all sale proceeds to the Debtor, minus the liquidation and storage charges Topocean has incurred to store and dispose of the Inventory. *See,* Motion, ¶ 12 ("Topocean would remit the proceeds…excluding the costs Topocean incurred for storing the Inventory, to the Debtor.").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

1

2.       Body Glove's statement that "Topocean requests automatic stay relief to liquidate 421 pallets…to partially satisfy its claim" is simply false. *See,* Opposition, ¶ 1. Topocean is doing nothing more than asking the Court for permission to dispose of Inventory that the Debtor is not paying to store, does not want, and apparently intends to abandon.

3.       The accruing administrative expenses for the storage of the Inventory should be borne by the Debtor or Body Glove, as the party who does not want the product disposed of, but not Topocean. Body Glove is improperly demanding that Topocean continue bearing the cost of storing the Inventory indefinitely, without any corresponding consideration to Topocean.

## BODY GLOVE'S "UNSECURED CREDITOR" ARGUMENT IS MISPLACED

4.       Body Glove argues that Topocean is an unsecured creditor and therefore not entitled to stay relief. Opposition, ¶¶ 3-5. Body Glove cites *In re Residential Cap., LLC*, 501 B.R. 624, 643 (Bankr. S.D.N.Y. 2013), which states that "[i]f the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested." However, "[t]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay **unless extraordinary circumstances are established** to justify such relief." *In re Leibowitz*, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992) (emphasis added). In evaluating an unsecured creditor's motion for stay relief, "the court balances the competing interests of the parties—balancing the harms to determine whether 'the hardship to the [movant] caused by the continuance of the stay outweighs the hardship to the debtor caused by stay modification.'" *In re Irwin*, 457 B.R. 413, 426 (Bankr. E.D. Pa. 2011) (citations removed); *In re I. Burack, Inc.*, 132 B.R. 814, 817 (Bankr. S.D.N.Y. 1991).

5.	Here, setting aside whether Topocean has a lien on the property it is storing in its warehouse under the Commercial Code,[2] Topocean is not an unsecured creditor that is seeking relief from stay to pursue estate property to offset its prepetition claim. Nor is Topocean seeking relief from stay to litigate its claim in a non-bankruptcy forum. Rather, Topocean is seeking relief from stay to dispose of estate property that it is involuntarily storing at significant administrative expense and operational burden. This is not the type of stay relief motion brought by an unsecured creditor that *Residential Cap.* warns against. *Residential Cap., LLC, supra*, 501 B.R. at 643. And even if it were, extraordinary circumstances are established to justify the relief request. *In re Leibowitz, supra*, 147 B.R. at 345. Moreover, the Debtor has informed Topocean that it intends to abandon the Inventory. Under any circumstance, Topocean is merely seeking relief from stay under Section 362(d)(1) to proceed under non-bankruptcy law to dispose of the Inventory.

## BODY GLOVE'S LANHAM ACT ARGUMENT MISPLACES LIABILITY AND IGNORES AVAILABLE ALTERNATIVES

6.	Body Glove raises a parade of hypothetical harms related to the liquidation of Body Glove–branded goods. But those alleged harms flow entirely from the Debtor's own inaction and failure to properly collect or dispose of the Inventory. Topocean is not monetizing the Inventory; it is attempting to stop ongoing administrative damage to the estate, and clear space in its warehouse for which it is not receiving any form of compensation. Given that Body Glove believes that the sale of Inventory would "lead[] to critical harm to the goodwill associated with the [Body Glove brand]" and "will also result in the loss of significant revenue to Body Glove" (Opposition, ¶¶ 6, 8), Body Glove—not Topocean—should take responsibility for the Inventory.

---

[2] A warehouse has a lien against a bailor for storage of goods. Cal. Comm. Code § 7209. The Commercial Code sets forth the manner in which a warehouse lien can be enforced. *Id*. § 7210.

7. Topocean has informed Body Glove's counsel that it is willing to consider reasonable alternatives. Those alternatives include, but are not limited to: (1) ordering the Debtor to take possession of the Inventory; (2) permitting Topocean to destroy the Inventory, at the expense of the estate; or (3) permitting Body Glove to take possession of the Inventory, at its own expense, and store, destroy, or otherwise dispose of the Inventory.

8. Yet, Body Glove refuses to pay for storage and offers no solution to allow Topocean to relieve itself of the burden of storage and associated expenses that Topocean is incurring. That is not an acceptable or fair result under the Bankruptcy Code. Topocean should not be forced to store estate property for no compensation. As the only party who apparently does not want the goods to be disposed of, Body Glove can assume this burden. To be abundantly clear, Topocean is not seeking to create liability for any party under the Lanham Act or any other law. Rather, Topocean is trying to put an end to its role as an involuntary warehouse for the Debtor's estate.

9. Topocean has acted responsibly and transparently in this bankruptcy case in seeking this relief. It has stored the inventory for approximately one year without payment. Topocean estimates that it is incurring approximately $8,927.00 per month for storing the Inventory. Meanwhile, the Debtor has stated it intends to abandon the Inventory. There is no reason for Body Glove to effectively force Topocean to continue suffering administrative and operational harm.

## CONCLUSION

**WHEREFORE**, based on the foregoing and the reasons set forth in the Motion, Topocean respectfully requests that the Court (a) grant Topocean relief from the automatic stay under Section 362(d)(1) to allow Topocean to dispose of the Inventory under nonbankruptcy law, (b) waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3), or, alternatively, (c) order the Debtor or

Body Glove to take possession of the Inventory immediately and assume all associated storage or destruction costs; and (d) grant such other and additional relief as the Court deems just and proper.

Dated: November 14, 2025

SNELL & WILMER L.L.P.

By:   /s/ *Andrew B. Still*
     Andrew B. Still (admitted *pro hac vice*)
     600 Anton Blvd., Suite 1400
     Costa Mesa, CA 92626
     Telephone:  (714) 427-7476
     Facsimile:   (714) 427-7799
     Email: astill@swlaw.com

Attorneys for Creditor
TOPOCEAN CONSOLIDATION SERVICE INC.