Hearing Date and Time:  February 11, 2026 at 11:00 a.m. (EST)
Objection Deadline:  February 4, 2026 at 5:00 p.m. (EST)

**MCGRAIL & BENSINGER LLP**
888-C 8th Avenue #107
New York, New York  10019
Ilana Volkov, Esq.
(201) 931-6910
ivolkov@mcgrailbensinger.com

**VARNUM LLP**
333 Bridge Street NW, Suite 1700
Grand Rapids, Michigan 49504
Trent W. Huskey, Esq.
(616) 336-6132
twhuskey@varnumlaw.com

*Attorneys for Jetport Loop, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SURF 9 LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-40078 (JMM) |

**VERIFIED MOTION OF JETPORT LOOP, LLC**
**FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C.**
**§§ 503(b)(1) AND 507(a) GRANTING ALLOWANCE AND IMMEDIATE**
**PAYMENT OF A CERTAIN POST-PETITION ADMINISTRATIVE EXPENSE CLAIM**

TO:   HONORABLE JIL MAZER-MARINO
        United States Bankruptcy Judge

JETPORT LOOP, LLC (the "Landlord"), by and through its undersigned co-counsel, hereby files this Verified Motion for entry of an order (attached hereto as **Exhibit A**, the "Order") pursuant to sections 503(b)(1) and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"): (i) granting allowance of a certain post-petition administrative expense

priority claim; and (ii) directing immediate payment of the administrative expense priority claim (the "Motion"). In support of the Motion, the Landlord respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated December 5, 2012.

2. Venue over this application in this Court is proper under and pursuant to 28 U.S.C. § 1409.

3. The statutory predicates for the relief requested are sections 503(b)(1) and 507(a) of the Bankruptcy Code.

## BACKGROUND

4. On March 12, 2022, the Landlord and Surf 9 LLC (the "Debtor") entered into a non-residential commercial lease (the "Lease") at 14661 Jetport Loop, Fort Myers, FL, Suites 130-150, Lee County, Florida (the "Property").

5. On January 8, 2025 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the Bankruptcy Code with this Court. No official committee of unsecured creditors has been appointed in this case.

6. On April 23, 2025, the Court entered the *Agreed Order for Relief from Automatic Stay and Allowance and Payment of Administrative Expense Priority Claim* [Docket No. 86] (the "Stipulated Order").

7. The Stipulated Order provided that the Debtor shall pay the Landlord a per diem amount of $833 per day the Debtor continues to occupy the Property after expiration of the grace period following the Lease termination date of May 31, 2025. Stipulated Order, ¶¶ 2, and 3.

Additionally, the Stipulated Order required the Debtor to pay the Landlord five installments of $9,419.06. Stipulated Order, ¶ 5.

8. On June 16, 2025, the Debtor failed to return the Property to the Landlord and continued to occupy the Property on through September 12, 2025. Accordingly, the Debtor is required to pay the $833.00 per diem charge for each day of the occupancy, totaling $74,137.00 (the "Holdover Rent Charge"). *See* **Exhibit B; Exhibit C**.

9. The Debtor failed to pay the Landlord the fourth and fifth $9,419.06 installments due in August and September 2025, respectively. The total amount due and owing on the fourth and fifth installments is $18,838.12 (the "Installment Charge"). *See* **Exhibit B; Exhibit C**.

10. Additionally, the Debtor owes the Landlord $41,883.96 in restoration costs (the "Restoration Charges") for failure to properly maintain the Premises during its occupancy. *See* **Exhibit B; Exhibit C**.

11. As of the filing of this application, the total amount due and owing to the Landlord on account of the Holdover Rent Charge, the Installment Charge, and Restoration Charges is $134,859.08 (the "Administrative Expense Priority Claim").

**RELIEF REQUESTED AND BASIS THEREFORE**

12. By this application, the Landlord seeks entry of an order allowing its Administrative Expense Priority Claim against the Debtor in the amount of $134,859.08.

13. Bankruptcy Code § 503(b)(1)(A) provides for administrative expense status for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Bankruptcy Code § 507(a)(2) grants priority status to administrative expenses allowed under section 503(b). 11 U.S.C. § 507(a)(2).

14. Courts have held that "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *Supplee v. Bethlehem Steel Corp.* (*In re Bethlehem Steel Corp.*), 479 F.3d 167, 172 (2d Cir. 2007) (quoting *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986)); *see also Reading Co. v. Brown*, 391 U.S. 471, 483 (1968) (describing "actual and necessary costs" as including the "costs ordinarily incident to operation of a business" to predecessor of section 503 of the Bankruptcy Code); *In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 409, 430 (Bankr. E.D.N.Y. 2015), *aff'd sub nom, Holzer v. Barnard*, No. 15-CV-6277 (JFB), 2016 WL 4046767 (E.D.N.Y. July 27, 2016). Consideration generally exists where "(1) the debtor-in-possession induced the creditor to perform postpetition, or (2) the creditor performed under an executory contract prior to rejection." *In re Patient Educ. Media, Inc.*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998).

15. Clearly, the Debtor's post-petition rent obligations approved by the Stipulated Order constitute an ordinary cost incidental to operation of the Debtor's business. The Debtor received the benefit of remaining at the Property after the Petition Date, which allowed it to operate after the Petition Date

16. Accordingly, pursuant to sections 503(b)(1)(A) and 507(a) of the Bankruptcy Code, the Landlord respectfully requests that this Court enter the Order (a) granting the Landlord's Administrative Expense Priority Claim in the amount of $134,859.08 and (b) requiring immediate payment of the Administrative Expense Priority Claim of $134,859.08.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Landlord respectfully requests entry of an order (i) granting allowance of the Administrative Expense Priority Claim, (ii) requiring immediate payment of the Administrative Expense Priority Claim, and (iii) grant such other relief as is just and proper.

DATED: January 9, 2026
        New York, New York        Respectfully submitted,

                                          MCGRAIL & BENSINGER LLP

                                          */s/ Ilana Volkov*
                                              Ilana Volkov
                                          888-C 8th Avenue #107
                                          New York, New York 10019
                                          Phone: (201) 931-6910
                                          ivolkov@mcgrailbensinger.com

                                          VARNUM LLP
                                          333 Bridge Street NW, Suite 1700
                                          Grand Rapids, Michigan 49504
                                          Trent W. Huskey, Esq.
                                          (616) 336-6132
                                          twhuskey@varnumlaw.com

                                          *Attorneys for Jetport Loop, LLC*

## **VERIFICATION**

Michael A. Brodsky, of full age, certifies as follows:

1.  I am the Vice President of Property Management of James F. Knott Development Corp., the managing member of Jetport Loop, LLC (the "Landlord"). As such, I have full knowledge of the facts set forth in, and am duly authorized to make, this verified motion (the "Motion") on the Landlord's behalf.

2.  I have read the foregoing Motion and certify that the statements contained therein are true based upon my personal knowledge, information, and belief.

3.  I am aware that if any of the factual statements contained in the Motion are willfully false, I am subject to punishment.

DATED: January 9, 2026    JETPORT LOOP, LLC
                                                      By: James F. Knott Development Corp.,
                                                            Managing Member

                                                  */s/ Michael A. Brodsky*
                                                  Michael A. Brodsky