UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

          Surf 9 LLC,

                          Debtor.

Chapter 11
Case No. 25-40078-JMM

**ORDER GRANTING MOTION OF BODY
GLOVE IP HOLDINGS, LP FOR ENTRY OF AN ORDER (I)
DEEMING THE LICENSE AGREEMENT REJECTED AND TERMINATED, AND (II)
FOR RELIEF FROM THE AUTOMATIC STAY, AND RELATED RELIEF**

Upon the motion (Dkt. No. 99) (the "**Licensor Motion**") of Body Glove IP Holdings, LP ("**Licensor**") for an order, deeming the License Agreement rejected, pursuant to 11 U.S.C. § 365, and terminated and, granting relief from the automatic stay, pursuant to 11 U.S.C. § 362; and the Debtor having filed an opposition thereto (Dkt. No. 108), which was joined by Olden Group LLC ("**Olden Group**") (Dkt. No. 143); and upon the Debtor filing its Motion to Assume License Agreement with Body Glove IP Holdings, LP (Dkt. No. 152) (the "**Debtor Motion**"), which is supported by Olden Group and opposed by Licensor (Dkt. No. 155); and the Court having entered its Scheduling Order setting certain discovery dates and an evidentiary hearing on January 7-8, 2026; and upon the request of the Licensor (Dkt. No. 163), the Court conducted a discovery conference on December 30, 2025, at which time the Court ordered that Olden Group had until 11:30 a.m. on January 2, 2026, to wire $1.4 million in cash into an escrow account (the "**Escrow Amount**") with Klestadt Winters Jureller Southard & Stevens, LLP to offer evidence that the Debtor, with the support of Olden Group, may be able to promptly cure monetary defaults under the License Agreement, in an amount and on such terms as determined by the Court; and the Court having held a continued discovery conference on January 2, 2026, at which conference, among

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Licensor Motion.

other things, (i) Olden Group had not funded such Escrow Amount, (ii) Olden Group informed the Court that it was in the process of imminently obtaining an investor to fund a $1.3 million investment (i.e., an amount less than required Escrow Amount), (iii) the Debtor withdrew the Debtor Motion, and (iv) the Court directed the parties to submit an order rejecting the License Agreement; and upon the hearings to consider the Licensor Motion and the Debtor Motion, including on January 8, 2026, the record made at the December 30, 2025 and January 2, 2026 discovery conferences, and all prior pleadings and proceedings herein, and after due deliberation, sufficient cause exists to grant the Licensor Motion to the extent set forth herein; and no previous application for relief sought having been made except as set forth herein; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Licensor Motion is granted to the extent set forth herein; and it is further

ORDERED, that the License Agreement is rejected pursuant to 11 U.S.C. § 365(a) and the Debtor is in breach of such License Agreement within the meaning of 11 U.S.C. § 365(g); and it is further

ORDERED, that the automatic stay imposed pursuant 11 U.S.C. § 362 is hereby lifted to the extent necessary to permit the Licensor to effectuate the termination of the License Agreement and any and all other rights and remedies under the License Agreement; and it is further

ORDERED, that the Debtor's right to sell off inventory and use the Licensor's marks, and its obligations, including the payment of royalties, shall be governed by the terms and conditions of the License Agreement; and it is further

ORDERED, that notwithstanding rejection of the License Agreement, nothing herein shall be deemed to limit, waive, or otherwise affect any rights, remedies or claims that a party to the License Agreement may have under the License Agreement; and it is further

~~ORDERED, that the 14-day stay under Bankruptcy Rule 4001 is hereby waived and this Order shall immediately be effective upon its entry; and it is further~~ **(JMM)**

ORDERED, that Licensor is hereby permitted to take all actions necessary to carry out the relief granted in this Order; and it is further

ORDERED, that this Court retains exclusive jurisdiction to enforce this Order and to hear and determine all matters arising from, or a consequence of, the rejection of the License Agreement.



Dated: January 19, 2026
Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge